```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION


DENISE COLBERT,                  :
                                 :    NO. 1:12-CV-00952
        Plaintiff,               :
                                 :
                                 :
    v.                           :    OPINION & ORDER
                                 :
                                 :
TOWNE PROPERTIES, INC., et       :
al.,                             :
                                 :
        Defendants.
```

This matter is before the Court on Defendants' Motion to Dismiss First Amended Complaint (doc. 9), Plaintiff's response in opposition thereto (doc. 12), and Defendants' reply in support thereof (doc. 13). For the following reasons, the Court DENIES Defendant's motion but STAYS this matter pending resolution of the state proceeding.

I.  Background

Plaintiff, a disabled woman, rented a unit in a condominium managed by Defendant Towne Properties (doc. 5). After she moved in, she realized that the building's parking lot was available to all residents and visitors, and it was frequently full (Id.). Plaintiff thus often had to park her car far from the entrance to the building, sometimes on the street

-1-

(Id.).  Because of her disabilities, the walk from her car to the front door was often dangerous, tiring, uncomfortable, and humiliating (Id.).  Plaintiff and her landlords made repeated requests to both Defendant Towne Properties and Defendant Husman House Condominium Owners' Association for a designate parking spot close to the front entrance (Id.).  Defendants refused to do so (Id.).

In April 2011, Plaintiff filed an administrative complaint with both the Ohio Civil Rights Commission (the "OCRC") and the U.S. Department of Housing and Urban Development, alleging that Defendants' refusal to make a reasonable accommodation for her disability was impermissibly discriminatory (Id.).  Approximately one year later, the OCRC found that probable cause existed to believe that Defendants engaged in unlawful discrimination, and on March 15, 2012, the OCRC denied Defendants' request for reconsideration (Id.).

On June 13, 2012, the OCRC filed its Complaint, Notice of Election, and Notice of Hearing with the Ohio Civil Rights Commission, and on December 13, 2012, the OCRC filed a complaint against Defendants in the Hamilton County Court of Common Pleas. On December 11, 2012, Plaintiff filed her complaint with this Court, and on January 31, 2013, she filed her amended complaint, alleging violations of both the Federal Fair Housing Act and the

Ohio Fair Housing Law.

Defendants move the Court to dismiss Plaintiff's complaint on two bases (doc. 9).  First, Defendants assert that the Court should abstain from this matter on one of two theories: pursuant to the Younger abstention doctrine, Defendants argue that the currently-pending state court case filed by the OCRC creates a situation in which this Court should refrain from interfering; and pursuant to the Colorado River abstention doctrine, Defendants argue that the Court should exercise its discretion and abstain from this case because it is parallel to the state case (Id.).  Second, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants argue that Plaintiff has failed to state a claim for relief because (i) Defendant Husman House does not own the parking lot property in question and has no authority to grant exclusive use to a common element parking space, and (ii) Defendant Towne Properties does not own the parking lot property in question and has no authority to grant use of a common element and is not in contractual privity with Plaintiff (Id.).

**II.  Applicable Standard**

Rule 12(b)(1) provides that an action may be dismissed for "lack of subject-matter jurisdiction."  Fed.R.Civ.P. 12(b)(1). Plaintiffs bear the burden of proving jurisdiction

when challenged by a Rule 12(b)(1) motion. Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990)(citing Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir. 1986)). "[T]he plaintiff must show that the complaint alleges a claim under federal law, and that the claim is substantial." Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc., 287 F.3d 568, 573 (6th Cir. 2002) (internal quotations omitted) (quoting Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1248 (6th Cir. 1996)). "The plaintiff will survive the motion to dismiss by showing 'any arguable basis in law' for the claims set forth in the complaint." Id. (quoting Musson Theatrical, 89 F.3d at 1248).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pled in the complaint. The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976); Erickson v. Pardus, 551 U.S. 89 (2007). In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A

complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 629-30 (6th Cir. 2009), quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible. Courie, 577 F.3d at 629-30, citing Robert G. Bone, *Twombly*, Pleading Rules, and the Regulation of Court Access, 94 IOWA L. REV. 873, 887-90 (2009). A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Iqbal, 129 S.Ct. at 1949. Plausibility falls somewhere between probability and possibility. Id., citing Twombly, 550 U.S. at 557. As the Supreme Court explained,

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1950.

The admonishment to construe the plaintiff's claim

liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint…must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

**III. Discussion**

Pursuant to the Younger doctrine, Plaintiff's

complaint must be dismissed.  Under the abstention doctrine announced in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), when state proceedings are pending, principles of federalism dictate that the federal claims should be raised and decided in state court without interference by the federal courts.  See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 17, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987).  Three requirements must be met for Younger abstention to be appropriate: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate important state interests; and (3) there must be an adequate opportunity in the state proceeding to raise the federal questions. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); Tindall v. Wayne County Friend of the Court, 269 F.3d 533, 538 (6th Cir. 2001).  Abstention is designed to promote "federal-state comity, [and] is required when to render a decision would disrupt the establishment of coherent state policy."  Ankenbrandt v. Richards, 504 U.S. 689, 704–05, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992).

No one disputes that there is an ongoing state judicial proceeding that implicates important state interests, the first two Younger factors. The only real question here involves the third factor, whether Plaintiff had an adequate

opportunity in the state proceeding to raise her federal-law claim.[1] Plaintiff argues that the third factor is not present here because she is not a party to the state proceeding, and the OCRC asserted only state-law claims in its state case (doc. 12). Plaintiff has not met her burden here. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987)("The burden on this point rests on the federal plaintiff to show that state procedural law barred presentation of [its] claims.'"). First, apart from merely noting that she is not a party to the state proceeding and that OCRC presented only state-law claims in its suit, Plaintiff has not presented anything that shows that Ohio's procedural law barred the presentation of her federal claim, and the Court has found nothing in its own review. Second, while the duty of OCRC may, as Plaintiff notes, be to enforce Ohio's civil rights statutes,

---

[1] The Court notes that Plaintiff also argues that Younger simply doesn't apply to this case because her case does not implicate the Younger principles, implying that Younger applies only when the case before the federal court could require it to enjoin the pending state proceeding (doc. 12, quoting Hayes v. Wethington, 110 F.3d 18, 20 (6th Cir. 1997)). However, "the federal plaintiff does not have to seek injunctive relief against an ongoing state proceeding for a federal court to abstain. Younger abstention also applies in federal declaratory judgment actions because they involve 'precisely the same interference with and disruption of state proceedings' as an injunction." Carroll v. City of Mount Clemens, 139 F.3d 1072, 1074 (6th Cir. 1998). The Court thus rejects Plaintiff's narrow characterization of the doctrine's application.

and the Attorney General's office represents the OCRC and not Plaintiff, Plaintiff nonetheless could have raised the federal claim in her case before the OCRC and could have intervened in the state case in order to ensure that her federal claim would be heard. See, e.g., Peebles v. University of Dayton, 412 F.Supp.2d 814 (S.D. Ohio 2005). See also Carroll v. City of Mount Clemens, 139 F.3d 1072, 1075 (6th Cir. 1998)(plaintiff's federal action for damages under 42 U.S.C. §1983 and the Fair Housing Act was a "textbook case for Younger abstention").

The three Younger factors are present here, and the Court finds that the application of the doctrine is necessary to avoid duplication of legal proceedings and to respect the principles of comity. Now, the Court must determine whether to dismiss Plaintiff's complaint without prejudice or stay the matter pending resolution of the state proceeding. See Carroll, 139 F.3d at 1075. Given that Plaintiff's complaint seeks both equitable and economic relief, dismissal is not appropriate. Id. See also Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir. 1995).

**IV. Conclusion**

Having determined that the Younger abstention doctrine applies to this matter, and because Plaintiff seeks both economic and equitable relief, the proper course for this Court

is to STAY Plaintiff's action, pending resolution of the state case in the Hamilton County Court of Common Pleas. The Court declines to reach the additional bases for dismissal set forth in Defendants' motion.

   SO ORDERED.


Dated: April 9, 2013    s/S. Arthur Spiegel_____
                                S. Arthur Spiegel
                                United States Senior District Judge